CAVANAUGH, Judge.
The plaintiff appeals from a judgment rejecting his demands for damages for personal injuries suffered by him on October 4, 1952, when he was riding as a passenger-employee in a Studebaker pickup truck being driven by Cloy E. Fortenberry, which was involved ,in a collision with a 1951 Mercury coach automobile owned and operated by the defendant, Otis Clay, whose public liability and property damage insurer was Fidelity Phoenix Fire Insurance Company of New York. This suit is a companion suit of the one instituted by Cloy E. Fortenberry against these same defendants, being number 44230 .on the docket of the District Court of East Baton Rouge Parish for damages to the pickup truck in which plaintiff was riding, and another suit filed by Cloy E. Fortenberry against these same defendants for personal injuries. In the suit by Fortenberry against these defendants for damages to his truck, the Lower Court rendered judgment in favor of the plaintiff for the truck damage in the sum of $274.67. This judgment was subsequently paid by the defendants, and. the plaintiff, Fortenberry, attempted to reserve his rights in a release to proceed with his suit for personal injuries, but this court held that the judgment rendered in the first suit instituted by Forten-berry was .res adjudicata of any further rights he had, to sue the defendants for damages for personal injuries. See Fortenberry v..Clay, La.App., 68 So.2d 133.
The evidence adduced in the court below in the case, No. 44230, entitled Cloy E. Fortenberry v. Otis Clay et al. was offered and filed as evidence in the case of the present plaintiff to .shpw negligence on the part of the defendants in the operation of the Mercury automobile. Since the question of defendant’s negligence was adjudicated by the Trial Court in the first suit instituted by Fortenberry and that judgment was paid by defendants, the question of negligence in the operation of the vehicles has been adjudicated and a further discussion on our part as to whether or not defendant’s negligence caused the accident is not necessary.
*410 The only question presented in this case as we analyze the testimony and the pleadings is whether or not the plaintiff offered evidence sufficient to establish any personal injuries suffered by him growing out of the accident. He contends here that he suffered minor injuries in the nature of bruises and contusions, but no lacerations. We have carefully studied the evidence taken on the first trial and contained in the record of the original suit by Fortenberry for damages to his truck and find that plaintiff made no mention of any disabling injuries sustained by him immediately following the accident. He made no complaint to his employer, Cloy E. Fortenberry, and continued his usual work on the day the accident happened, tie lost no time from his work and during the discussions and conversations between Fortenberry and the defendant Clay, he advised Mr. Forten-berry what to do and moved in and about the scene of the accident without any apparent disabling condition. Plaintiff was sitting on the right side of the front seat and Mr. Fortenberry was sitting on the driver’s side of the truck. The impact occurred on the right door of the truck. There was not a violent impact between the vehicles. Fortenberry did not lose control of his truck. He described the contact as a pushing movement. An indentation was made in the right door of the truck, and plaintiff claims that the force of the impact threw him against Mr. Fortenberry and caused him to suffer bruises of the shoulder and neck and back. He did not have any medical attention, but says that he purchased and applied rubbing alcohol or liniment to the bruises or contusions sustained by him. He brought no witness either from his home or from the place where he purchased the rubbing alcohol to corroborate his statement that he suffered any personal injuries.
The District Judge saw the plaintiff when he testified in his case and when he testified in the suit of Mr. Fortenberry which was tried some six months prior to the time this case was tried. The fact that the plaintiff made no complaint about being injured or showed no outward sign of personal injuries immediately following th'e collision and required no medical attention strongly persuaded the Lower Court that he did not really suffer any injury. We have carefully read the record, and in view of plaintiff’s failure to corroborate his own statement by any evidence other than that of his employer, Fortenberry, who no doubt is a prejudiced and biased witness, to show any personal injuries, we can not say that the judgment of the Lower Court is mdni-festly erroneous.
For the reasons assigned, the judgment is affirmed at the cost of appellant.